No. 30,632.

C. E. GOOCH, doing business as THE GOOCH ROOFING COMPANY, *Appellee*, v. E. C. WILCOX, *Appellant* (C. F. KNEDLER, *Defendant*).

(11 P. 2d 743.)

Opinion filed June 4, 1932.

*E. C. Wilcox* and *J. Howard Wilcox*, both of Anthony, for the appellant.

*John B. Bryant*, of Wichita, *Tom Pringle* and *H. V. Howard*, both of Arkansas City, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This is an action to recover the balance due on a building contract. The plaintiff prevailed, and the defendant Wilcox appeals.

In 1929 the defendant, E. C. Wilcox, entered into a written contract with C. F. Knedler, a general contractor, to repair and condition a certain store building known as the J. C. Penney store building in Anthony. The plans and specifications, which were made a part of the contract, contained, among other things, the following:

"Cover all roofs so indicated on drawings with twenty-year Barrett roofing, laid in accordance with the most recent Barrett specifications. A similar roof of equal guarantee, can be substituted, upon written approval of the J. C. Penney Company.

"This contractor shall guarantee all roofs and flashings to be water-tight and perfect for a period of twenty years and shall make good, without cost to the owners, any damage caused by leakage during that period."

The general contractor entered into a subcontract with the plaintiff to roof the building with a Barrett specification roofing. The con-

tract has been fully performed. In the repair of the main building the roof of the building just to the rear of the main building was badly damaged by workmen walking over it, and it became necessary to reconstruct the roof on the building at the rear of the main building. The plaintiff entered into a contract with the defendant Wilcox to construct this roof. This contract is set out in the findings of fact.

On the completion of the contract a controversy arose between the plaintiff and the defendant Wilcox as to the form of bond which the plaintiff was obligated to furnish under the contract. Wilcox refused to pay on the ground that the bond furnished did not meet the requirements of the contract. The plaintiff sued and on motion of the defendant the general contractor was made a party defendant. The case was tried by the court without a jury. The court made special findings of fact and conclusions of law, which are as follows:

"1. That in the summer of 1929 the defendant, E. C. Wilcox, entered into a written contract with C. F. Knedler as general contractor to repair and recondition a certain building known as the J. C. Penney Store building in Anthony, Kan., and that the plaintiff as subcontractor contracted to put on said building a 'Barrett specification roof.' That at the rear of said building there was a roof containing about eight squares a few feet lower than the roof of the main building and which was badly injured by the workmen during the reconstruction of the main building and it became necessary to reconstruct this roof.

"2. Thereafter and on or about August 17, 1929, the following instrument in writing was entered into:

"Gooch Roofing Company, 211 South Sedgwick, Wichita, Kan.

"CONTRACT.

"We propose to furnish and apply the roof on the rear Penney store add building located at Anthony, Kan., consisting of five-ply pitch and gravel roof laid according to the plans and specifications including the furnishing and installing of the metal flashing for the total sum of $137.50.

"This roof will be guaranteed by bond for a period of twenty years.

"Respectfully submitted,

"GOOCH ROOFING COMPANY,

"Accepted: E. C. WILCOX, owner.             Per C. E. GOOCH.

"Date ———

"C. F. Knedler, contractor.

"Metal gutter and downspout included.

"3. The above contract was on a printed form in the last line of which as printed it provided, 'This roof will be guaranteed by us for a period of twenty years.' The word 'us' had been erased and the word 'bond' inserted above it in pencil mark.

"4. That the roof requested by the defendant, Wilcox, and the roof the

plaintiff, Gooch, proposed to furnish, was mutually understood between the parties to be a 'Barrett specification roof.'

"5. That in pursuance of said contract between the plaintiff and the said defendant, the plaintiff furnished and laid on the rear of said Penney store building a 'Barrett specification roof,' and furnished and installed the necessary metal flashing together with metal gutter and downspout.

"6. That at the time of the completion of said contract by plaintiff the defendant became indebted to the plaintiff in the sum of $137.50, no part of which has been paid by the defendant, although the defendant offers in his pleadings to pay said sum into court together with the further sum of $212.50 yet remaining unpaid upon the contract between the plaintiff and the general contractor, namely, C. F. Knedler.

"7. That in the contract between the defendant and general contractor, Knedler, the plans and specifications contained the following paragraph, to wit:

"'This contract shall guarantee all roofs and flashings to be water-tight and perfect for a period of twenty years and shall make good without cost to the owners any damage caused by leakage during that period.'

"8. That by executing the contract between the defendant, Wilcox, and the plaintiff, the said C. F. Knedler became bound to carry out all of the provisions of the contract, and no additional guaranty is contemplated by the paragraph of said contract above set forth.

"9. That the said defendant, E. C. Wilcox, admits that he is owing to the said C. F. Knedler and the said plaintiff the sum of $350, and claims that said sum should not be paid for the reason that the bond called for in the contract between the plaintiff, Gooch, and the defendant, Wilcox, has not been furnished.

"10. The court further finds that under the terms of the contract between the plaintiff and the defendant, Wilcox, the plaintiff was required to give a bond to the effect that the general guarantee used in the construction of a 'Barrett specification roof' should be supplemented by a bond given by the plaintiff, and that upon the giving of such bond the plaintiff is entitled to recover from the defendant, Wilcox, the said sum of $137.50.

"11. The court further finds that the plaintiff before the commencement of this action tendered to the defendant, E. C. Wilcox, a good and sufficient bond covering the matters in controversy and within the contemplation of the parties signed by the Barrett company as principal and the United States Fidelity & Guaranty Company as surety; and the court further finds that the plaintiff has neither tendered nor given to the defendant, Wilcox, the supplemental bond contemplated by the parties, the conditions of which bond the court finds should be in a form and under conditions whereby such bond in legal effect should be in terms substantially the same as the 'twenty-year guaranty bond' offered in evidence as plaintiff's exhibit B.

## "Conclusions of Law.

"1. That the plaintiff is entitled to recover from the defendant, E. C. Wilcox, the sum of $137.50.

"2. That the defendant, C. F. Knedler, is entitled to recover the sum of $212.50 together with interest thereon at the rate of six per cent per annum

from the date of the completion of said building to wit, February 17, 1930, to this date.

"3. That the plaintiff is required to make and tender to the defendant, E. C. Wilcox, his bond as contemplated by the eleventh finding of fact herein.

"4. That the defendant, E. C. Wilcox, within ten days from this date should pay to the clerk of this court the sum of $137.50 so found to be due to the plaintiff and that within the same time the plaintiff should deliver to the clerk of this court his supplemental bond as found by the eleventh finding herein, and thereafter the clerk of this court should deliver to said plaintiff the said sum of $137.50 and within the same time should deliver to the defendant, E. C. Wilcox, the bond aforesaid.

"5. That the costs of this action should be divided equally between the plaintiff and the defendant, E. C. Wilcox.

"6. That in the event of failure on the part of the said defendant, E. C. Wilcox, to pay the sums of money as herein set forth within the times therein fixed the liens of the plaintiff and of the said C. F. Knedler be foreclosed as provided by law."

The appellant contended in the trial of the case, and argues here, that the appellees were bound under the terms of the specifications and the contract to guarantee the roofs and flashings to be watertight and perfect for a period of twenty years, to make good without cost to the owner any damage caused by leakage during that period and to furnish a bond securing the performance of the guaranty. It was contended on the part of the appellees that the provision in the specifications obligated the contractor only, and the appellees were only required to furnish a bond in accordance with the terms of their contract, the conditions of which are well recognized in the trade. The appellant presented eleven assignments of error, some of which are not very material.

It is first contended that the court erred in rejecting certain testimony. The appellant attempted to introduce testimony explaining the terms of the contract which are set out in finding number two. The court held that the contract was not ambiguous and that there was no reason for the consideration of extraneous testimony for its explanation. The court did, however, receive testimony with reference to the word "bond" for the reason that it was apparent on the face of the contract that the printed form had been changed. There is no ambiguity in the contract and consequently the testimony was properly refused.

It is next contended that the contract and specifications, when construed together, obligate the appellees to furnish a bond conditioned, in substance, to guarantee the roof for a period of twenty

years and to make good to the appellant any damage caused by leakage during that period. The specifications set out in finding number seven obligate the contractor to guarantee the roof for a period of twenty years and to make good to the owner any damage caused by leakage. The contract with the appellees with reference to the roofing was a separate and distinct contract in so far as the guaranty is concerned. Nothing is said in the specifications about the giving of a bond. The bond relates entirely to the contract between the appellee [plaintiff] and the appellant. There was evidence to the effect that the bond contemplated by the parties was one in terms and conditions substantially the same as the bond nationally advertised and commonly known as the Barrett specification bond, covering Barrett specification roofing. We think the court properly construed the contract and that the bond described in the eleventh finding of fact fulfills the obligation of the appellees.

It is next contended that the court erred in failing to find material facts. The trial court did not adopt the appellant's theory of the case and consequently did not adopt his suggested findings of fact. The appellant complains because the court in setting out the specifications in finding number seven used the word "contract" while the specifications used the word "contractor." This is probably a clerical error. In any event we do not think it is material to the issue. Complaint is also made that the court used the term "Barrett specification roof" while the specifications used the term "recent Barrett specifications." We are unable to see how the appellant was prejudiced in the use of this term. We have examined the suggested findings of fact and find that the court did not err in refusing to adopt them.

It is contended that the findings of fact are not supported by the evidence. We have carefully examined the evidence and find that there was substantial evidence to support the court's findings.

It is next contended that the court erred in its conclusions of law. We think that the conclusions of law are fully supported by findings of fact, except conclusion number six, in which the court directed the foreclosure of mechanics' liens in favor of the appellees. We have examined the evidence and it appears that the only evidence offered on the subject is to the effect that labor was last performed and material furnished on the building September 20, 1929, and that the statements for the liens were not filed until February 17, 1930. The statements were not filed within four months from the

time labor was last performed or material furnished. (R. S. 60-1402.) The appellees did not establish that they had valid liens, consequently conclusion of law number six was error.

We have examined all of the assignments of error with care and find that there is no merit in the contentions made by the appellant.

The case is remanded with directions to the trial court to set aside conclusion of law number six and the judgment entered thereon. In all other respects the judgment is affirmed.